Wade H. Cooper v. Commissioner.
Cooper v. Commissioner
Docket No. 66509.
United States Tax Court
T.C. Memo 1958-169; 1958 Tax Ct. Memo LEXIS 55; 17 T.C.M. (CCH) 849; T.C.M. (RIA) 58169; September 17, 1958
Wade H. Cooper, 1135 Sixteenth Street, N.W., Washington, D.C., pro se. Paul E. Waring, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $654.92 in the income tax of the petitioner for 1952. The petitioner contends that he is entitled to deductions as follows: 1. $5,168 paid to settle a lawsuit for storage charges on copper plates, 2. for depreciation including obsolescence on those copper plates, 3. for $1,000 paid to his Washington rental agent for "revamping kitchens" at 1841 R Street, 4. for amounts paid for upkeep and taxes on a property at 1841 North Capitol Street owned by his deceased son's widow, and 5. for amounts paid for the education of his grandson. Findings of Fact The petitioner filed his income *56 tax return for 1952 with the director of internal revenue at Baltimore. He reported thereon net income of $7,128.21. The petitioner was born on December 5, 1874. He prepared his income tax return for 1952 and used a cash basis. The Commissioner, in determining the deficiency, computed the income as follows: Dividends
$ 8,422.50
Interest
322.50
Long-term capital gains
28.84
Rental income (explained in de-
tail) net
2,364.10
Adjusted gross income corrected
$11,137.94
Standard deduction
1,000.00
Net income corrected
$10,137.94
Net income as disclosed by return
7,128.21
Additional income
$ 3,009.73
The petitioner, in 1952 and for a number of prior years, was the owner of a large number of copper plates which had been used many years before 1952 to print a set of books. The plates had been unused in storage for many years. It does not appear from the record that the plates had had any value for years except as scrap metal. The adjusted basis, if any, to the petitioner of the plates in 1952, or at any other time, is not shown by the record. The petitioner transferred the plates in 1952 to Book Production Industries, Inc., in settlement of a lawsuit against *57 him for storage charges on the plates in the amount of $5,168. The petitioner was not using the plates during 1952 in carrying on any business, and the record does not show that he ever used them for any purpose for many years or that he was holding them in 1952 for the production of income. The petitioner paid $390 to Trinity College and $398 to Columbia University in 1952 on account of expenses of education of his grandson. The petitioner was not the owner of a property at 1841 North Capitol Street in Washington and no income from that property has been included in his income by the Commissioner in determining the deficiency. No amount paid by the petitioner for upkeep or taxes of that property represents an item deductible by the petitioner. All stipulated facts are incorporated herein by this reference. Opinion MURDOCK, Judge: The Court must start in this case, as is usual, with the determination of the Commissioner which is presumed to be correct. The petitioner then has the burden of proof to show that the Commissioner erred. Such evidence as there is in the record relates to deductions. The Commissioner's determination of adjusted gross income is not challenged or, *58 if challenged, is not shown to be incorrect in any respect. The Commissioner admits that the petitioner transferred certain copper plates in 1952 in settlement of a lawsuit for $5,168. It does not appear that any judgment was rendered in the lawsuit. The adjusted basis of the plates to the petitioner is not shown. The petitioner has not proven his right to any deduction based upon this transfer. The petitioner devoted a large part of the trial time and much of his briefs to matters which he regards as important in respect to his claim for depreciation or obsolescence on the copper plates but he failed to show that he is entitled to any such deduction for 1952. He failed to show his adjusted basis, if any, in 1952, for gain or loss or for the purpose of section 113 of the Internal Revenue Code of 1939. He has not shown that he used the plates in 1952 in any business, or that he held them during that year for the production of income, as would be necessary in order to entitle him to a deduction under section 23(1) of that Code. There may be other defects in his proof, but each of the foregoing is alone sufficient to require denial of his claim for a deduction under section 23(1). *59 The petitioner claims that he paid $1,000 to his real estate agent for "revamping kitchens" in his property at 1841 R Street (not to be confused with a property at 1841 North Capitol Street), but there is really no evidence in the record to support this contention. A finding cannot be made that he gave his agents a check for $1,000, that any amount was spent by or for the petitioner or the purpose for which any amount was spent. The petitioner has not proven his right to any deduction in this connection. The property at 1841 North Capitol Street apparently belonged to the petitioner's son, who died in 1949, and thereafter belonged to the son's widow. But in any event, it did not belong to the petitioner and he has shown no justification for the deduction of any amounts paid by him with respect to that property. Obviously, amounts paid by the petitioner for the education of his grandson are not deductible under any provision of the Internal Revenue Code. The whole record has been carefully considered, but it does not appear that the Commissioner erred in any way in determining the deficiency. Decision will be entered for the respondent.